Joseph L. BUMGARNER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 84–2304.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1985.

Decided April 8, 1985.

Joseph L. Bumgarner, pro se.

Terry L. Derden, Little Rock, Ark., for appellee.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

PER CURIAM.

Joseph Bumgarner appeals from the District Court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence after conviction of kidnapping and conspiracy to commit kidnapping, 18 U.S.C. §§ 371, 1201, and 1202. The District Court denied the motion on the ground that Bumgarner had failed to take a direct appeal of his conviction.

On January 21, 1985 this Court ordered Bumgarner to show cause why this appeal from the denial of his § 2255 motion should not be summarily dismissed on the ground of his failure to take a direct appeal after conviction. In his response to the show cause order Bumgarner stated that he instructed his appointed trial counsel to file an appeal, but that counsel failed to comply with this instruction. Bumgarner further stated that in the weeks following his conviction he attempted to contact his appointed counsel about the status of his case, but counsel refused to accept his collect phone calls or to respond to his letters.

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Thus, a federal court may deny relief to the § 2255 petitioner who has bypassed the appeals process. *Kaufman v. United States*, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 1074 n. 8, 22 L.Ed.2d 227 (1969). But it is the reason for

the failure to appeal, and not the mere datum that an appeal was not taken, that determines whether a § 2255 motion should be entertained. *See Sosa v. United States,* 550 F.2d 244, 247–48 & n. 2 (5th Cir.1977); *McKnight v. United States,* 507 F.2d 1034, 1036 (5th Cir.1975); *cf. Kaufman,* 394 U.S. at 227 n. 8, 89 S.Ct. at 1074 n. 8.

The District Court did not have before it Bumgarner's claim, made in his response to our show-cause order, that the failure to appeal was his lawyer's fault, and not his. Had Bumgarner been represented by counsel on his § 2255 motion, we think the District Court would have been justified in assuming that the right to appeal had been waived. *Cf. Felix v. Virgin Islands,* 702 F.2d 54 (3rd Cir.1983). In the case of an uncounseled petitioner, however, we believe the District Court should have followed a procedure akin to our show-cause order. It should have specifically questioned Bumgarner and given him a chance to explain why he had failed to appeal his conviction. And, if the tendered explanation raised an issue of fact, as this one does, the District Court should then conduct an evidentiary hearing. See *Ashby v. Wyrick,* 693 F.2d 789, 794 (8th Cir.1982) (evidentiary hearing should be conducted on whether habeas petitioner knowingly and intelligently waived his right to a direct appeal).

Accordingly, we request the District Court to make a factual determination, after an evidentiary hearing, of the reason for Bumgarner's failure to take a direct appeal from his conviction. We ask the District Court to make this determination as promptly as practicable and to certify its finding to us. We shall then take whatever further action is appropriate.

It is so ordered.