**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mohammed Rizwan Ali KHAN, Defendant–Appellant.**

No. 86–1402.

United States Court of Appeals, Tenth Circuit.

Dec. 17, 1987.

Rehearing Denied Jan. 20, 1988.

Paula Burnett, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., and Jennifer A. Salisbury, Asst. U.S. Atty., on the briefs), Albuquerque, N.M., for plaintiff-appellee.

Tova Indritz, Federal Public Defender (Ann Steinmetz, Asst. Federal Public Defender, on the brief), Albuquerque, N.M., for defendant-appellant.

Before McKAY, BARRETT and TACHA, Circuit Judges.

BARRETT, Senior Circuit Judge.

Mohammed Rizwan Ali Khan (Khan) appeals from an order of the district court adopting the findings and recommendations of the United States Magistrate and dismissing Khan's 28 U.S.C. § 2255 motion to vacate and set aside his judgment and sentence. A detailed recitation of the case history will facilitate our review.

Khan was indicted on February 16, 1983, charged with one count of possession with intent to distribute and one count of distribution of monoacetylmorphine (heroin) in violation of 21 U.S.C. § 841(a)(1). Following a three day trial, the jury found Khan guilty as charged. On April 29, 1983, the district court, after merging the two counts for sentencing purposes, sentenced Khan to five (5) years imprisonment and to a special parole term of five (5) years.

During the sentencing hearing the following colloquy took place between the district court and counsel for Khan:

THE COURT: All right. Mr. Khan, is there anything you wish to state to the Court at this time, or you on his behalf, Mr. D'Angelo, before the Court imposes sentence.

MR. D'ANGELO: Your Honor, I've had the opportunity to review the presentence report in this case, as has my client. *We find no substantial inaccuracies in that report.*

THE COURT: All right, sir.

MR. D'ANGELO: As the Court is aware, Your Honor, during the trial of this case the defendant took the stand and gave his version of what occurred,

\* \* \* \* \* \*

I would remind the Court that the defendant's involvement in this case was—I think clear to all the parties concerned— that it was a minimal kind of involvement. In other words, he was not the person who knew how to get heroin or where to go for it or anything. He acted, in fact, as a go-between. And I would ask the Court to keep those things in consideration in imposing the sentence.

I hope the Court will be lenient in its imposition of sentence and consider maybe a split sentence in this case; and just ask the Court to be merciful, Your Honor. *There is nothing else I can say.*

THE COURT: All right. Well, I don't minimize his involvement, Mr. D'Angelo, but I think I am persuaded to some degree that he was at least not as culpable as Mr. Mian; although he surely had more than just a minimal involvement. R., Vol. IV at pp. 435–37 (emphasis added).

On appeal, Khan, without challenging the sufficiency of the evidence, the sentence or the sentencing process, simply alleged that the district court had erred and abused its discretion by limiting his cross-examination of Tony Pargas, a paid informant. We affirmed the district court, holding that the limitations placed on Khan's cross-examination of Pargas did not give rise to an abuse of discretion. *United States v. Khan*, No. 83–1559, (May 22, 1984).

On June 3, 1983, Khan filed a *pro se* letter motion [1] under Rule 35, Fed.R.Crim. P. for reconsideration of his sentence. The district court denied Khan's motion on June 10, 1983. Thereafter on June 21, 1984, Khan, represented by counsel, filed a second motion for reconsideration of his sentence. Within his motion Khan alleged:

1. Defendant Khan and his Co–Defendant Iftikhar Mian were convicted of trafficking in cocaine on March 31, 1983.

2. Co–Defendant Mian received a sentence of ten years. Defendant Khan received a sentence of five years.

3. Defendant Khan's conviction was affirmed by the Tenth Circuit Court of Appeals on May 22, 1984.

4. To date, Defendant Khan has been incarcerated for approximately 17 months. He is presently incarcerated in the Federal Correctional Institute in Texarkansas [sic].

5. Defendant Khan has been a model inmate, has taken courses in computing and in horticulture and is otherwise making good use of his period of incarceration.

6. Defendant Khan has contracted tuberculosis and is presently under a doctor's care at the Federal Correctional Institute.

7. The fact that the Court gave Defendant Khan a five year sentence and his Co–Defendant a ten year sentence would indicate the Court's intention that

1. Not included in our record on appeal.

Defendant Khan serve less time than his Co–Defendant. The salient factor score as to both Defendants, however, is 44 months, and even though Defendant Khan's sentence was half that of his Co–Defendant, the amount of time both will be incarcerated remains the same.

8. If the court were to reconsider Defendant Khan's sentence and reduce it, any reduction in time would have a significant effect on the amount of time that Defendant Khan would actually serve.

R., Vol. I at pp. 32–33.

Khan's motion was denied by the district court on July 6, 1984.

On May 29, 1985, more than two years after his conviction, Khan, appearing *pro se,* filed his § 2255 motion at issue herein. Within his motion Khan alleged, for the first time:

Defendant having been arrested on February 8, 1983 fully collaborated with the arresting FBI agents until the trial and pre-sentencing. While he was at the county jail, the agents approached him for further information of Amjed Mohammed Khan, and Defendant accordingly provided it, he gave information of his abode in New York City, telephone numbers and other pertinent details. The FBI, were also told of the means of importing such illegal drug—that it came into the country camouflaged in the lapiz lazuli stones or tiles—that he gave them the date of the last shipment.

*Defendant was fully assured that he will not be sentenced to approx. thirty months that was the assurance given to him by the FBI Agents who guaranteed that the indicated recommendation will be made official by the court at the appropriate time.*

R., Vol. I at *Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody,* p. 5 (emphasis added).

Following the Government's Answer, requesting that the motion be denied and Khan's action dismissed, the United States Magistrate entered his Proposed Findings and Recommended Disposition. Within his proposed findings the United States Magistrate found:

Movant does not contend that his sentence exceeds statutory limits, nor does he point to error in the sentencing process itself. Instead, movant seeks a credit or reduction of his sentence. He bases his request on the ground that he was led to believe by FBI agents that his pre-trial cooperation would result in a sentence of approximately 30 months; that he received a sentence of five years; ... In addition to seeking a reduction of his sentence for having cooperated fully with the FBI, movant also seeks at least a two-month credit for having complied with a Special Achievement Program during his incarceration.

\* \* \* \* \* \*

Movant's request is without merit. The fact that movant received a sentence more severe than he anticipated is not a ground for attack of the sentence. *Baker v. United States,* 334 F.2d 444 (8th Cir.1964); *Randall v. United States,* 324 F.2d 726 (10th Cir.1963). Movant's dissatisfaction with the Parole Commission's recommendation regarding the length of his incarceration and his desire to receive credit for completion of the Special Achievement Program are complaints directed to the execution of his sentence. Although a § 2255 motion is an appropriate method to challenge the validity of a sentence, it is not available to attack the manner in which a sentence is executed. *Robinson v. United States,* 474 F.2d 1085 (10th Cir.1973).

R., Vol. I at p. 42.

On March 4, 1986, following a *de novo* determination of those portions of the Magistrate's findings and recommendations objected to by Khan, the district court entered a minute order adopting the Magistrate's findings and recommendations and dismissing Khan's motion.

In May, 1986, Khan completed his prison sentence and upon release, commenced his five year special probation term. On appeal Khan contends that "[t]he district court erred in summarily dismissing without an evidentiary hearing petitioner's

claim that the Government violated due process when its agents obtained his cooperation in return for their unkept promise to secure for him a particular sentence."

Khan argues that: his § 2255 motion was supported by factual allegations of a sufficient specificity to avert summary dismissal; his allegations are not contradicted by anything in the record and are not wholly unbelievable; under our system of justice any agreement between the Government and a defendant must be scrupulously enforced; the enforceability of agreements between the Government and a defendant extends beyond the content of a guilty plea; and, based on his cooperation with the FBI, he was entitled to a hearing and an opportunity to prove his allegations.

The Government responds that, unlike the cases relied upon by Khan, the promise alleged to have been made to Khan by the FBI was not made to induce a guilty plea; § 2255 may not be used to attack the severity of a sentence where, as here, the sentence is within statutory limits and the sentencing process is not challenged; and that since Khan was released from prison in May, 1986, his case may be moot.

■ Lawful plea agreements between the Government and a defendant are generally enforceable. *See United States v. Greenwood*, 812 F.2d 632, 637 (10th Cir. 1987), quoting *United States v. Reardon*, 787 F.2d 512, 516 (10th Cir.1986) ("Where a plea is predicated on any significant degree on a promise or agreement, such promise or agreement must be fulfilled to maintain the integrity of the plea"). If no plea agreement is concluded, however, there can be no breach thereof by the Government. *United States v. Hernandez*, 829 F.2d 988, 995 (10th Cir.1987). In the instant case, Khan did not, for some inexplicable reason, inform the sentencing judge either prior to or during sentencing of his alleged agreement with the FBI. And inconceivably, both Khan and his counsel remained silent on the alleged agreement in the face of the

sentence handed down, well knowing that it was for a five year term (or 60 months) with a special parole term of five years.

In addressing the propriety of the district court's summary dismissal of Khan's § 2255 motion, we accept as true Khan's allegations that he cooperated with the FBI after being assured that he would receive a sentence of approximately thirty months.[2] Our review of the district court's denial of Khan's § 2255 claim requires a two step inquiry:

First, we must determine whether the petitioner's allegations, if proved, would entitle him to relief. If they would, we must then decide whether the district court abused its discretion in summarily denying an evidentiary hearing. *See Townsend v. Sain*, 372 U.S. 293, 307–09, 318, 83 S.Ct. 745, 754–55, 759, 9 L.Ed.2d 770 (1963).

*United States v. Barboa*, 777 F.2d 1420, 1422 (10th Cir.1985).

Having accepted as true Khan's allegations that he cooperated with the FBI after he was assured of a thirty month sentence, and having acknowledged the general enforceability of such an agreement, we must decide whether the district court "abused its discretion in summarily denying an evidentiary hearing."

The Government argues, citing *United States v. Scott*, 803 F.2d 1095 (10th Cir. 1986), that § 2255 relief is unavailable here because Khan is challenging the *execution* of his sentence rather than the *validity* of his sentence. *Scott*, however, is distinguishable from our case. Unlike *Scott*, Khan's challenge is not limited to the execution of his sentence. It extends to the validity of his sentence. Under such circumstances, we decline to hold that *Scott* is controlling herein.

During the course of his sentencing hearing, the trial court inquired of both Khan and his counsel whether they cared to make any statements prior to sentencing. In response, Khan's counsel related to the

---

**2.** Although not specifically commented upon by either party, we deem it noteworthy that Khan's agreement with the FBI was allegedly made prior to trial and apparently at a time when he

had pled not guilty and when he was preparing his trial defense. Our research has failed to disclose another case with a similar factual background.

court that he and Khan had reviewed the presentence report and that they had found "no substantial inaccuracies in that report" (R., Vol. IV at 435). Khan's counsel also claimed that Khan had a minimal kind of involvement. Khan's counsel concluded by asking the court to be merciful and stating "There is nothing else I can say."

At no time prior to the trial, during the trial, or during the sentencing hearing did Khan relate or even indicate to the court that he had entered into an agreement with the FBI under which he would cooperate with the FBI in exchange for FBI assurance that he would receive a sentence of approximately thirty months. On appeal, Khan's sole contention was that the district court had erred in limiting his cross-examination of Pargas, a Government informant. Khan did not allege, directly or indirectly, that he had entered into an agreement with the FBI whereby he had agreed to cooperate with the FBI in exchange for FBI assurance that he would receive a thirty month sentence.

Following our affirmance of Khan's conviction, Khan filed a *pro se* letter motion under Rule 35 seeking reconsideration of his sentence. Although this letter motion is not included in our record on appeal, neither the trial court's docketing statement nor any other materials in the record indicate that Khan's agreement with the FBI was referred to in this motion.

After Khan's *pro se* motion was denied, Khan, represented by counsel, filed a second motion for reconsideration of his sentence. Again, no mention was made of any agreement between Khan and the FBI. Thereafter on May 29, 1985, Khan filed the § 2255 motion at issue herein and alleged, for the first time:

Defendant was fully assured that he will not be sentenced to approx. thirty months that was the assurance given to him by the FBI Agents who guaranteed that the indicated recommendation will be made official by the court at the appropriate time.

R., Vol. I at *Motion to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody*, p. 5.

■ Having failed to raise his alleged agreement with the FBI prior to trial, during trial, during his sentencing hearing, on direct appeal, and in two prior motions for reconsideration of his sentence, we hold that Khan waived his right to raise this agreement for the first time in his § 2255 motion.

Although § 2255 is considered a comprehensive remedy, "it does not encompass all claimed errors in conviction and sentencing," *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979); *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed. 2d 109 (1974). Furthermore, once a defendant has been convicted, his final judgment "commands respect" and a § 2255 action cannot supplant an appeal:

By adopting the same standard of review for § 2255 motions as would be applied on direct appeal, the Court of Appeals accorded no significance whatever to the existence of a final judgment perfected by appeal. Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum. *Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect.*

*For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.* (Emphasis added.)

*United States v. Frady*, 456 U.S. 152 at 164–65, 102 S.Ct. 1584 at 1592–93, 71 L.Ed. 2d 816 (1982).

§ 2255 is not available to test the legality of matters which should have been raised on appeal. *United States v. Cox*, 567 F.2d 930, 932 (10th Cir.1977), *cert. denied*, 435 U.S. 927, 98 S.Ct. 1496, 55 L.Ed.2d 522 (1978). The failure of a defendant to present an issue on direct appeal bars the

754

defendant from raising such an issue in a § 2255 motion to vacate a sentence unless good cause is shown. *United States v. Dunham,* 767 F.2d 1395 (9th Cir.1985); *Bumgarner v. United States,* 758 F.2d 1292 (8th Cir.1985); *United States v. Griffin,* 765 F.2d 677 (7th Cir.1985); *United States v. Hanyard,* 762 F.2d 1226 (5th Cir. 1985). Khan has failed to establish, or even allege, good cause for his failure to advance or disclose his alleged agreement with the FBI until over two years after his conviction. As such, Khan waived his right to raise this matter for the first time during his § 2255 motion.

Khan was obligated to disclose his alleged agreement during or before his sentencing hearing. Due process does not "require reconsideration of a sentencing decision 'when the defendant is given a full and fair opportunity to reveal inaccuracies in the information relied upon by the sentencing court and fails to do so.'" *United States v. Manko,* 772 F.2d 481, 482 (8th Cir.1985), quoting *United States v. Brown,* 715 F.2d 387, 389 (8th Cir.1983).

Khan's failure to lodge a timely objection during his sentencing hearing to the FBI's alleged failure to honor its agreement constituted a waiver of his right to raise such an allegation for the first time in his § 2255 motion. Khan was obligated to raise the circumstances surrounding his alleged agreement with the FBI at his sentencing. As Justice Stevens observed in his concurring opinion in *United States v. Benchimol,* 471 U.S. 453, 457, 105 S.Ct. 2103, 2106, 85 L.Ed.2d 462 (1985):

Whether or not the Government complied with Federal Rule of Criminal Procedure 11(e), I agree that the error, if any, was not serious enough to support a collateral attack under Federal Rule of Criminal Procedure 32(d) or 28 U.S.C. § 2255. The error here is "not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428 [82 S.Ct. 468, 471, 7 L.Ed.2d 417] (1962). Nor has it resulted in "manifest injustice." Fed. Rule Crim.Proc. 32(d). *If the Govern-*ment erred in failing to recommend affirmatively the proper sentence, the time to object was at the sentencing hearing or on direct appeal. "[T]here is no basis here for allowing collateral attack 'to do service for an appeal.'" *United States v. Timmreck,* 441 U.S. 780, 784 [99 S.Ct. 2085, 2087, 60 L.Ed.2d 634] (1979) (quoting *Sunal v. Large,* 332 U.S. 174, 178 [67 S.Ct. 1588, 1590, 91 L.Ed. 1982] (1947)). (Emphasis added.)

Nothing in the record before us excuses Khan's failure to raise his alleged agreement with the FBI at any time prior to his § 2255 motion. We thus hold that Khan waived his right to raise the alleged agreement for the first time during his § 2255 motion.

AFFIRMED.