962 F.2d 18
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steve Alan DANIELS, Defendant-Appellant.
 No. 91-6333.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1992.
 
 Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 In 1988, a jury convicted the appellant, Steve Alan Daniels, for his role in a heroin ring in Oklahoma. The United States District Court for the Western District of Oklahoma sentenced him to twenty-one years imprisonment. This Court affirmed his conviction and sentence in United States v. Ware, 897 F.2d 1538 (10th Cir.), cert. denied, 110 S.Ct. 2630 (1990). In 1991, Daniels filed a motion pursuant to 28 U.S.C. § 2255 to correct his sentence computation. The district court denied his motion, and Daniels appeals. We affirm the decision of the district court.
 
 
 3
 On appeal, Daniels alleges that (1) the district court erroneously calculated the quantity of drugs attributable to him for sentencing purposes; (2) the district court should have reduced his base offense level under Sentencing Guideline § 3B1.2 because he was a minor participant in the conspiracy; and (3) his Fifth and Sixth Amendment rights were violated due to ineffective assistance of counsel.
 
 
 4
 First, Daniels argues that the district court incorrectly calculated the amount of heroin for which he should be held culpable pursuant to the Sentencing Guidelines. Specifically, he contends that the court should not have held him responsible for drug transactions that occurred prior to the time he joined the conspiracy. We deny relief because Daniels failed to raise this objection at the time of sentencing and he does not meet the standard set forth in United States v. Frady, 456 U.S. 152 (1982).
 
 
 5
 Under Frady, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Id. at 166-67. Daniels has shown neither cause nor prejudice. In fact, the district court in its order made it clear that his sentence would have been the same even if he had objected properly:
 
 
 6
 Even if counsel had directly attacked the base offense level of 36, this Court would have overruled such an objection. Defendant entered what he knew to be an ongoing, expansive conspiracy. While defendant may not have known the exact amount of drugs transferred prior to his entering the conspiracy, he certainly would have known that a large quantity of heroin had been distributed. This Court's view is that when a person wilfully joins an ongoing conspiracy, the conduct of which was obvious to him, he has assumed the consequences of that conduct.
 
 
 7
 Order, R., Vol. I, Doc. 1141, at 5.
 
 
 8
 Second, Daniels contends that the district court should have reduced his base offense level under Sentencing Guideline § 3B1.2 because he was a minor participant in the conspiracy. Daniels did not raise this claim at his sentencing hearing. Accordingly, as discussed supra, he may not obtain collateral relief on this ground unless he demonstrates "cause" and "actual prejudice." See Frady, 456 U.S. at 167-68. Nor did he raise this issue on direct appeal. "The failure of a defendant to present an issue on direct appeal bars the defendant from raising such an issue in a § 2255 motion to vacate a sentence unless good cause is shown." United States v. Khan, 835 F.2d 749, 753-54 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). Daniels has shown neither cause nor prejudice.
 
 
 9
 Finally, Daniels complains that his attorney failed to make a timely objection to the court's calculation of his base offense level both at sentencing and on direct appeal. Thus, he argues, his Fifth and Sixth Amendment rights were violated due to ineffective assistance of counsel. We disagree.
 
 
 10
 Strickland v. Washington, 466 U.S. 668 (1984), sets forth a two-prong test for determining whether a defendant has been denied effective assistance of counsel. "First, the defendant must show that ... counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 11
 Daniels has failed to show the requisite prejudice, as there is no indication that the result of the proceeding would have been different if his counsel had not committed the alleged errors. In fact, as discussed supra, the district court stated to the contrary in its order: "Even if counsel had directly attacked the base offense level of 36, this Court would have overruled such an objection." Order, R., Vol. I, Doc. 1141, at 5.
 
 
 12
 For the foregoing reasons, the district court's decision is AFFIRMED.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3