976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Charles OLSON, Jr., Defendant-Appellant.
 No. 91-7120.
 United States Court of Appeals, Tenth Circuit.
 Sept. 16, 1992.
 
 1
 Before McKAY, Chief Judge, and BARRETT, Circuit Judge, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CLARENCE A. BRIMMER, District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Defendant appeals the district court's denial of his Motion to Vacate Sentence, filed pursuant to 22 U.S.C. § 2255. On appeal, Defendant contends that his sentence should be vacated because: (1) evidence of a codefendant's guilty plea was presented during his trial and he was prejudiced by that evidence because the jury was neither admonished nor given a curative instruction in regard thereto; (2) he was not given sufficient time to review the presentence report before he was sentenced; and (3) the counts of the indictment of which he was convicted were duplicitous, thereby resulting in multiple convictions for a single occurrence. We affirm.
 
 
 6
 Defendant failed to raise these issues on direct appeal. "[O]nce a defendant has been convicted, his final judgment 'commands respect' and a § 2255 action cannot supplant an appeal...." United States v. Khan, 835 F.2d 749, 753 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). Section 2255 "is not available to test the legality of matters which should have been raised on appeal." Id.
 
 
 7
 Defendant argues that presentation of evidence of his codefendant's guilty plea without a curative instruction constitutes plain error and that, therefore, we should consider the issue even though it was not raised on direct appeal. Contrary to Defendant's assertion, the proper standard for determining whether an issue can be considered for the first time in a § 2255 appeal is "cause and actual prejudice." United States v. Frady, 456 U.S. 152, 167 (1982). To obtain relief, Defendant "must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Id. at 168.
 
 
 8
 In an attempt to establish "cause," Defendant attributes his failure to raise the first issue on direct appeal to mere oversight by counsel.[1] As to the other two issues, Defendant does not even offer, let alone establish, cause for his failure to raise the issues on direct appeal. Defendant has failed to meet the first prong of the Frady standard. Even if Defendant could show sufficient cause, our review of the record on appeal shows that no "actual prejudice" resulted from the errors of which Defendant complains.
 
 
 9
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant does not argue that he received ineffective assistance of counsel