986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edmond Dale WALKER, Defendant-Appellant.
 No. 92-6225.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Edmond Walker filed a pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence challenging the validity of his conviction upon a plea of guilty to violating 31 U.S.C. § 5324(3). The Defendant did not directly appeal his conviction and sentence. Relying upon the magistrate's findings and recommendations, the district court dismissed Defendant's § 2255 motion. The Defendant appeals and we affirm.
 
 
 3
 The Defendant was indicted by a grand jury on four counts of violating 31 U.S.C. § 5324, which prohibits the structuring of transactions with domestic financial institutions in order to evade the filing of a Currency Transaction Report for deposits of $10,000.00 or more. The Defendant was represented by privately retained counsel for the post-indictment proceedings. Ultimately, counsel negotiated a plea agreement in which the Defendant agreed to plead guilty to Count 4 of the indictment in return for the United States' dropping the other three counts.
 
 
 4
 In his Petition to Enter Plea of Guilty the Defendant admitted that on the same day he deposited $9,900.00 into two banks and $9,500.00 into a third for the purpose of avoiding the reporting requirements of 31 U.S.C. § 5324(3) as alleged in Count 4 of the indictment. Furthermore, he indicated that he understood the charges against him and the consequences of pleading guilty, that he had been informed of the maximum statutory sentence and the applicability of the sentencing guidelines, that his plea was voluntary and not the result of any coercion or promise other than the agreement itself, and that he had told his attorney all pertinent information and was satisfied with work performed by his attorney.
 
 
 5
 During the plea hearings, the court orally advised the Defendant as to the nature of the proceedings and confirmed that the Defendant understood and agreed with the substance of his Petition, as summarized above. The court also informed the Defendant that sentencing guidelines were applicable and that he should not be induced to plead guilty by any promises or prophecies as to the actual sentence that would be imposed. Based on the foregoing, the district court accepted the Defendant's plea of guilty to Count 4.
 
 
 6
 At sentencing counsel objected, inter alia, to the portions of the presentence report that concerned the source of the money deposited by the Defendant and concluded that the money was stolen from his aunt. After denying counsel's objections the district court adopted the presentence report, thereby impliedly concluding that the Plaintiff had proven by a preponderance of the evidence that the Defendant knew or should have known that the money was stolen. Consequently, the court imposed a five point upward adjustment pursuant to U.S.S.G. § 2S1.3.
 
 
 7
 On appeal the Defendant asserts four points of error: (1) he was denied effective assistance of counsel, (2) the grand jury process was abused to obtain the indictment, (3) the evidence used against the Defendant was secured by an unlawful search and seizure, and (4) the five point sentence increase pursuant to U.S.S.G. § 2S3.1(b)(1) was incorrect as no other crime was proven.
 
 
 8
 In order for the Defendant to successfully challenge his guilty plea based upon ineffective assistance of counsel, he must show (1) that the attorney's assistance fell below the range of competency as set forth in McMann v. Richardson, 397 U.S. 759, and (2) that there was a reasonable probability that without the errors, the Defendant would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52. In support of his claim, the Defendant alleges that he was denied access to discovery and misled as to unspecified facts, that he was denied compulsory process to obtain witnesses favorable to his defense, that his sentence was imposed without objection nor proffer of exculpatory witnesses or evidence, that he was misled concerning his right to appeal, that the applicability of the sentencing guidelines was not clearly explained, and that his plea was impliedly coerced as a result of the aforementioned allegations of improper conduct.
 
 
 9
 After carefully reviewing the record on appeal, we cannot find any evidence supporting the Defendant's conclusory statements that he was unconstitutionally deprived of effective assistance of counsel. Rather, there is substantial evidence demonstrating that defense counsel acted within the acceptable range of conduct. Moreover, there is overwhelming evidence that the Defendant knowingly and voluntarily pled guilty after being fully informed by both his attorney and the court of his rights and options, including his right to appeal. In addition, the Defendant has not claimed, and there are no supporting facts, that he would have proceeded to trial were it not for his attorney's alleged errors. Therefore, we must conclude that the Defendant's plea was knowing and voluntary and not the result of ineffective assistance of counsel.
 
 
 10
 The Magistrate correctly observes that a § 2255 motion is not available to test the legality of matters which should have been raised directly on appeal. United States v. Khan, 835 F.2d 749 (10th Cir.). However, § 2255 does not procedurally bar issues that would otherwise be barred if the defendant demonstrates (1) that some factor external to the defense impeded counsel's efforts to comply with a procedural rule, and (2) that the errors worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimension. Murray v. Carrier, 477 U.S. 478, 488-94. Alternatively, if the defendant cannot satisfy this cause and prejudice test, he may nonetheless defeat the § 2255 procedural bar by showing that failure to consider his claim will result in a fundamental miscarriage of justice. Id. at 485. We agree with the Magistrate's conclusion that the Defendant failed to show cause for not directly appealing all of his claims alleged herein, other than his claim of ineffective assistance of counsel, and that these claims do not establish a fundamental miscarriage of justice. Therefore, we hold that these issues are not properly before this court pursuant to this § 2255 motion.
 
 
 11
 Even if these issues were not barred from review, we agree with the Magistrate's finding in the alternative that they were waived by the Defendant because his plea was knowing and voluntary and based upon competent advice of counsel. Tollett v. Henderson, 411 U.S. 258 (knowing and voluntary plea forecloses direct inquiry into pre-plea nonjurisdictional constitutional defects). Additionally, the Magistrate correctly concluded that the Defendant's claim concerning the five point sentence increase was meritless because the Defendant's "non-specific and unsubstantiated claim that the money was a gift from his aunt is not sufficient to overcome the presentence report and second addendum...." Findings, at 11. Thus, for substantially the same reasons as given by the Magistrate and adopted by the district court, we hold that the Defendant was not subjected to ineffective assistance of counsel and that his other claims are barred and otherwise meritless.
 
 
 12
 Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3