989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Peter J. MCMAHON, Defendant-Appellant.
 No. 92-5193.
 United States Court of Appeals, Tenth Circuit.
 March 19, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Mr. McMahon, a federal prisoner and a pro se litigant appeals the denial of 28 U.S.C. § 2255 relief.
 
 
 4
 Some background information is necessary. Mr. McMahon was originally convicted of possession of a controlled drug in violation of 21 U.S.C. § 844(a) and sentenced to eight months imprisonment, twelve months of supervised release, and a $50 special assessment. Mr. McMahon appealed this conviction and we affirmed in an unpublished order and judgment. No. 90-5166. Mr. McMahon was next convicted of Escape from Confinement in violation of 18 U.S.C. § 751 and we affirmed this conviction in an unpublished order and judgment. Nos. 90-5167 and 90-5243. Mr. McMahon also appealed his pretrial detention and we affirmed in an unpublished order and judgment. No. 90-5197. Mr. McMahon has served both of these sentences of imprisonment; however, he was next convicted of violating the terms of his supervised release and again sentenced to imprisonment. Mr. McMahon appealed this conviction in case No. 92-5117, and we vacated the judgment of the district court in an unpublished order and judgment.
 
 
 5
 Mr. McMahon filed three separate motions concerning his first conviction (possession of a controlled drug) and it is the denial of these motions which Mr. McMahon is now appealing. The first motion was filed pursuant to Fed.R.Crim.P. 35 asserting prior felony convictions used to enhance this sentence were constitutionally invalid. The second was a motion under 28 U.S.C. § 2255 wherein Mr. McMahon asserted: (1) vindictive prosecution; (2) perjury by a government witness at a suppression hearing; (3) an affidavit supporting a search warrant was untruthful; (4) a government witness violated the knock and announce requirements in the execution of a search warrant; (5) ineffective assistance of counsel due to his attorney's failure to investigate suppression issues; (6) denial of equal protection because of his pretrial detention; (7) the special assessment was excessive; (8) additional conditions of supervised release were imposed by probation officers rather than by the district court; and (9) statements by the prosecutor affected his placement while in prison. Mr. McMahon filed his first amended § 2255 motion asserting improper prosecutorial conduct and raised the same issue set forth in his Rule 35 motion. Mr. McMahon then filed his second amended § 2255 motion again raising the issue of the excessive special assessment.
 
 
 6
 The district court, no doubt wearying of the barrage of motions, entered an order denying all relief without explanation. The district court also ordered Mr. McMahon to file no additional pleadings without prior court approval.[1] Mr. McMahon responded by filing a request for a written opinion and his notice of appeal to this court.
 
 
 7
 Mr. McMahon phrases the issue to be decided by this court as follows: "Whether the allegations in the § 2255 motion would entitle the Appellant to collateral relief, and if the District Court abused its discretion by not holding an evidentiary hearing."
 
 
 8
 Mr. McMahon's claim of vindictive prosecution was previously adjudicated by this court in No. 90-5166, where we held "the bringing of this action was not vindictive." Mr. McMahon is therefore precluded from again raising this issue. Mr. McMahon asserts his first claim of vindictive prosecution was based upon selective prosecution while his present claim is based upon the referral of his case to a federal forum "based upon retaliatory motivations by a certain city police officer." The case law of this Circuit holds the selection of forum falls within the ambit of prosecutorial discretion. United States v. Morehead, 959 F.2d 1489, 1499 (10th Cir.1992). Mr. McMahon's claim of vindictive prosecution must fail regardless of how phrased.
 
 
 9
 A § 2255 motion cannot be used to test the legality of matters that should have been raised on appeal. United States v. Khan, 835 F.2d 749, 743 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1988). This principle of law precludes Mr. McMahon from now raising his claims of perjury by a government witness at the suppression hearing (the witness testified the search warrant was served during the day and Mr. McMahon believes it was served at night); the affidavit was untruthful (the witness testified it was tailor-made while Mr. McMahon asserts it is well known that all affidavits are boilerplate emanating from a computer); violation of the federal knock and announce statute; improper pretrial detention; invalid prior convictions used to enhance his sentence; and excessive special assessment. Mr. McMahon either knew or should have known of these alleged illegalities at the time of his direct appeal. Mr. McMahon can overcome this only by showing cause external to the defense and prejudice. United States v. Frady, 456 U.S. 153, 167 (1982). Mr. McMahon has failed to meet his burden.
 
 
 10
 Mr. McMahon next asserts that his probation officer imposed additional conditions on his supervised release. Mr. McMahon failed to inform the district court of the specifics or how this prejudiced him. Mr. McMahon has failed to persuade us that any violation in this regard has constitutional significance.
 
 
 11
 Mr. McMahon, without providing the necessary details, asserts statements of the prosecutor somehow affected the conditions of his placement in prison. Such a claim is not cognizable in a § 2255 action and we will not now consider it.
 
 
 12
 Finally, Mr. McMahon asserted ineffective assistance of counsel based upon the fact his attorney failed to interview a witness prior to the suppression hearing in order to develop Mr. McMahon's claim of a violation of the knock and announce statute. Mr. McMahon fails to inform us as to the testimony of this witness and how it would have been different with a prehearing interview. Mr. McMahon has failed to carry his initial burden under Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 13
 Various other assertions of Mr. McMahon, such as the claim that prior invalid convictions were used to enhance his sentence, do not warrant further discussion as they lack a basis in fact.
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We note Mr. McMahon did not appeal this portion of the district court's order