UNITED STATES COURT OF APPEALS
**Filed 6/5/96**TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LARRY DEAN COOPER,

Defendant-Appellant.

Case No. 96-7012

(D.C. CIV-94-648-S)
(Eastern District of Oklahoma)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Larry Dean Cooper, a prisoner appearing pro se, appeals in forma pauperis the denial of

his motion under 18 U.S.C. § 2255 in which he raised nine constitutional challenges to his

conviction and sentence. The district court held that eight of his claims were barred because they

could have been raised on direct appeal. As to the ninth claim, that of ineffective assistance of

counsel, the court held that Mr. Cooper had failed to meet the two-part test established in

Strickland v. Washington, 466 U.S. 668 (1984). In this appeal, Mr. Cooper in effect incorporates

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

all of the other constitutional claims into the ineffectiveness claim, asserting that his court-appointed counsel failed at trial to "address" the eight alleged errors. We affirm.[1]

A jury convicted Mr. Cooper of conspiracy, 21 U.S.C. § 846, possession with intent to distribute amphetamine/methamphetamine, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, distribution of methamphetamine, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and using or carrying a firearm during the commission of a drug trafficking crime, 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. The district court sentenced him to 72 months' imprisonment on the first three counts and 60 months' imprisonment on the fourth count, running consecutively. He appealed and we affirmed the judgment and sentence. United States v. Cooper, No. 90-7050, 1992 WL 168868 (10th Cir. July 15, 1992).

Mr. Cooper then brought this § 2255 action, raising the following nine grounds, none of which were raised in his direct appeal, for vacating his conviction and sentence: (1) the government withheld exculpatory evidence from the jury; (2) the government and the trial court "allowed false evidence to be presented to the jury;" (3) "evidence was entered into the trial without a chain of custody and [Mr. Cooper] was denied the right to cross-examine the agent who found the evidence;" (4) Mr. Cooper was subjected to a warrantless search at the time of his arrest; (5) the trial judge improperly failed to instruct the jury on "multiple conspiracies;" (6) the government failed to prove that Mr. Cooper had knowledge of a drug conspiracy; (7) the district court used "false information" to determine the guideline sentencing range; (8) the government "failed to prove [Mr. Cooper] had foreseeability in the future drug transactions;" and (9) trial

---

[1] After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

counsel was constitutionally ineffective.  See Rec. doc. 4 at 1-2.

"The failure of a defendant to present an issue on direct appeal bars the defendant from raising such an issue in a § 2255 motion to vacate a sentence unless good cause is shown." United States v. Khan, 835 F.2d 749, 753-54 (10th Cir. 1987) (citations omitted), cert. denied, 487 U.S. 1222 (1988).  The district court found that Mr. Cooper "clearly had the opportunity to raise his first eight allegations on direct appeal," Rec. doc. 4 at 3, and the appellant does not contest this finding.  We therefore conclude that the district court correctly held that he is now barred from raising these claims.

Yet Mr. Cooper nonetheless seeks to invite substantive review of his first eight claims by urging that counsel's failure to "address" these alleged errors when they arose constitutes ineffective assistance in violation of his Sixth Amendment right to counsel.  We cannot accept his invitation.

We first note that the district court correctly applied United States v. Galloway, 56 F.3d 1239 (10th Cir. 1995) (en banc), which mandates review in collateral proceedings of a claim of constitutionally ineffective counsel even when the claim could have been raised on direct appeal, id. at 1240.  The district court must therefore scrutinize the claim through the lens of the two-pronged test set forth in Strickland, which requires the movant to demonstrate (1) that counsel's performance was "deficient" and (2) that the "deficient performance prejudiced the defense," 466 U.S. at 687.

The district court concluded from its review of the trial transcript that "[Mr. Cooper's] claim of ineffective assistance of trial counsel is without merit."  Rec. doc. 4 at 4.  Because  the ultimate determination as to constitutional effectiveness of counsel is a mixed question of law

and fact we subject it to plenary review, but we accept the district court's factual determinations unless they are clearly erroneous. See United States v. Carr, 80 F.3d 413, 417 (10th Cir. 1996).

With respect to this holding, Mr. Cooper's only argument on appeal is a reiteration of his claim that his counsel was unprepared to address the trial errors he alleges. His brief cites the list of "Facts From Case Record," see Aplt's Opening Br. at 2-3, which he supplied to the district court in conjunction with his § 2255 motion and which, in turn, contains references to the trial and sentencing transcripts, see Rec. doc. 1 (Facts From Case Record, unnumbered page). However, we are able to discern nothing from the disjointed transcript excerpts that have been placed in the record on appeal to convince us that counsel was unprepared for this trial. Upon reviewing the transcript and having presided over the trial the district court concluded that Mr. Cooper's counsel had been "well prepared." Rec. doc. 4 at 4. Based upon this factual determination, see Carr, 80 F.3d at 419 (characterizing as "factual" the district court's finding that counsel's "assistance . . . was thorough, dedicated and served the defendant's best interest"), which is not clearly erroneous, and our own careful review of the snippets of transcript placed in the record before us, we hold that counsel's performance was not "deficient," see Strickland, 466 U.S. at 687.

Mr. Cooper belatedly claims in his brief on appeal that he "was given a different counsel for the filing of the direct appeal and that counsel had no direct contact with the petitioner who was incarcerated at the time." Aplt's Opening Br. at 2A. Because this issue was not raised below, and we have no record upon which to review it, we do not consider it now. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir. 1993) ("[W]e have exercised our discretion to hear issues for the first time on appeal only in the most unusual circumstances.") (citations

4

omitted).

Mr. Cooper also challenges for the first time on appeal his conviction for using or carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1), in light of Bailey v. United States, 116 S.Ct. 501, 505 (1995) (holding "that § 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense"). The district court properly noted that its denial of Mr. Cooper's § 2255 motion was "without prejudice to [his] future claims pursuant to the Bailey decision." Rec. doc. 4 at 5. Noting that this issue has apparently been raised in a pending motion before the district court, see Aplt's Br. in Answer at 4, we do not review it here.

For the foregoing reasons, the order of the district court is AFFIRMED.


Entered for the Court,


Robert H. Henry
Circuit Judge