F I L E D
United States Court of Appeals
Tenth Circuit

FEB 21 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TYRONE REED,

    Defendant-Appellant.

No. 96-6282

(D.C. No. CIV-95-
1352-T)

(D. W.D. Okla.)

---

ORDER[*]

---

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

---

    Defendant Tyrone Reed requests a certificate of appealability so that he may appeal from the district court's denial of his motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255. Defendant raises three issues: (1) that he

---

    [*]    This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

was afforded ineffective assistance of counsel, (2) that the evidence was insufficient to support his sentence, and (3) that the district court abused its discretion when it dismissed his petition without holding an evidentiary hearing. Finding that Defendant has not made a substantial showing of the denial of a constitutional right, we deny the application for a certificate of appealability and dismiss the appeal. See 28 U.S.C. § 2253(c)(3). See also Lennox v. Evans, 87 F.3d 431, 433 (10th Cir. 1996)

In his ineffectiveness claim, Defendant has not alleged sufficient prejudice which would satisfy Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that a defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable). Defendant alleges that his counsel was ineffective for accepting a stipulation stating that a substance identified as cocaine in a laboratory report was actually cocaine base.[1] However, Defendant has alleged no facts which would tend to demonstrate that there is a reasonable probability that the result of the trial would have been any different had counsel objected to the stipulation. See Strickland, 466 U.S. at 694 (holding that a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). The weight of the record clearly demonstrates

---

[1]  The significance of whether the substance was cocaine base rather than cocaine is that the possible sentences vastly differ for the same weight of these substances under the Federal Sentencing Guidelines. See USSG § 2D1.1(c) (mandating the same offender points for possession of 0.5-1.5 kg of cocaine base and 50-150 kg of cocaine).

2

that, regardless of the entry of the stipulation, Defendant would have been sentenced for cocaine base. Therefore, we find that Defendant's Sixth Amendment claim must fail.

Furthermore, it is clear on this record that counsel's representation did not fall below the constitutional effectiveness threshold. Defendant's trial counsel's affidavit, submitted by the government, explains the strategic maneuvering behind the acceptance of the stipulation. These strategic decisions--to let the United States introduce conflicting evidence rather than object--were, according to counsel's affidavit, made with the Defendant's full knowledge. We will not now judge counsel's actions in the harsh light of hind-sight merely because the chosen strategy was not successful. See Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Accordingly, Defendant's ineffectiveness claim must also fail because counsel's representation was not constitutionally deficient.

Defendant's claim that the evidence of possession of cocaine base was insufficient to support his sentence is also meritless. Section 2255 is unavailable for a defendant to test the legality of matters which should have been raised on direct appeal. See United States v. Kahn, 835 F.2d 749, 753 (10th Cir. 1987) (noting that "a collateral challenge may not do service for an appeal"). Allegations of inadequate bases for sentencing are just such an improper use. See United States v. Warner, 23 F.3d 287, 291 (10th Cir.

1994).  The only exception to this rule is where good cause is shown.  See  United States

v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).  The Defendant apparently did not raise this

issue on direct appeal and has made no attempt to demonstrate good cause.[2]  Thus, his

claim must fail.

Moreover, there is no question that the trial evidence--the stipulation among other

items in this case--along with a properly prepared pre-sentence report are sufficient

factual bases upon which a court can ground a sentence.  Both of these items indicated

that Defendant had possessed cocaine base.  This was an adequate basis upon which to

sentence Defendant.  Furthermore, the affidavits and record which were before the district

court demonstrate that the substance Defendant possessed was actually cocaine base.

Accordingly, Defendant's claim that there was insufficient evidence to support his

sentence is clearly meritless.

Finally, we examine Defendant's claim that the district court improperly denied

---

[2]     Defendant also argues that the sentencing guidelines require that the
Government prove that he possessed "crack" cocaine rather than merely cocaine base in
order to support the greater sentence under the guidelines.  While it is true that a 1993
amendment to the Sentencing Guidelines defined cocaine base as "crack" cocaine, until
the amendment was made this circuit's precedent held that cocaine base was a more
inclusive term than "crack."  See  United States v. Easter, 981 F.2d 1549, 1558 n.7 (10th
Cir.1992).  Defendant's direct appeal terminated on October 7, 1991, when his petition
for certiorari was denied.  Therefore, he could only receive the benefit of the change in
the guidelines if the amendment was retroactive.  However, the amendment's own terms
and this circuit's precedent require that it not be given retroactive application.  See United
States v. Kissick, 69 F.3d 1048, 1053 (10th Cir. 1995).  Accordingly, Defendant's claim
as to this issue must also fail.

him a hearing on his motion. We first note that we review a district court's denial of a § 2255 motion without an evidentiary hearing for an abuse of discretion. United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir. 1992). In this case, there was no abuse of discretion because the motions, files, and records before the court left no doubt that Defendant's motion must fail. Defendant has not shown that evidence adduced at a hearing would have resulted in his § 2255 motion being granted. Thus, Defendant was not denied due process and no showing of a substantial deprivation of a constitutional right has been made.

After reviewing the district court orders, the briefs, and the record before us, we find for substantially the same reasons expressed by the district court that there has not been a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

PETITION FOR CERTIFICATE OF APPEALABILITY DENIED AND APPEAL DISMISSED.

Entered for the Court,

Bobby R. Baldock
Circuit Judge