**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RANDY LEE HURD,

      Defendant-Appellant.

Nos. 99-7145 & 00-7005
(E. District of Oklahoma)
(D.C. No. 99-CV-221-S)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Randy Lee Hurd appeals the district court's denial of his 28 U.S.C. § 2255 petition. Hurd raised seven separate issues in the § 2255 petition, including the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

following two claims: (1) the government had breached a post-plea cooperation agreement; and (2) his counsel was ineffective in failing to raise the cooperation agreement before the district court at sentencing. The district court denied Hurd's petition and denied him a certificate of appealability. This court granted Hurd a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B) on March 24, 2000, limited to the two issues set forth above. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, this court **affirms**.

Hurd was indicted by a federal grand jury on February 18, 1997, on a variety of drug-related charges. Hurd eventually pleaded guilty to count two of the indictment, which count alleged that Hurd knowingly and intentionally possessed a large quantity of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Hurd's plea was entered pursuant to a particularly thorough, written plea agreement. The plea agreement specifically informed Hurd as follows: (1) he was facing a ten-year mandatory and could face a term of imprisonment of up to life; (2) he was obligated to cooperate fully with the United States, including submitting to interviews by state, local, and federal law enforcement officers and testifying truthfully "before any grand juries, hearings, trials, or any other proceedings where [his] testimony is deemed by the United States to be relevant"; and (3) the United States could, in its discretion, move for a downward departure from the sentencing guidelines range

if it concluded that Hurd's cooperation had provided "substantial assistance."

Furthermore, the plea agreement closed with the following integration clause:

> This document states the complete and only plea agreement between the United States Attorney for the Eastern District of Oklahoma and the defendant, supersedes all prior understandings, if any, whether written or oral, *and cannot be modified other than by a writing that is signed by all parties or on the record in Court.* No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been make in connection with this plea.

Pursuant to his guilty plea, the district court sentenced Hurd to a term of imprisonment of 168 months, the minimum sentence set forth in the sentencing range, to be followed by a 60-month term of supervised release. This court affirmed Hurd's sentence on February 17, 1999. *See United States v. Hurd*, No. 98-7072, 1999 WL 74074 (10th Cir. Feb. 17, 1999) (unpublished disposition).

In his habeas petition, Hurd asserted that he had entered into a post-plea cooperation agreement whereby the United States promised him a term of 120 months in exchange for his cooperation and that his attorney was ineffective in failing to raise the post-plea cooperation agreement at sentencing. The district court dismissed these claims as meritless in summary fashion. Upon review of the parties appellate filings and the entire record on appeal, this court agrees that Hurd's contentions are utterly without merit.

With the exception of Hurd's conclusory assertions, the record is completely devoid of evidence that Hurd ever entered into a post-plea cooperation

agreement with the United States.[1]  In fact, as noted by the United States, Hurd's

assertions are patently incredible when viewed against the plea agreement and the

transcript of the sentencing hearing.  In particular, we note that the plea

agreement contains an exceedingly broad cooperation clause, obligating Hurd to

cooperate with any state, local, or federal law enforcement agency "designated by

counsel for the United States."  Furthermore, the cooperation clause was not

limited to the crimes underlying the plea agreement but, instead, obligated Hurd

to provide "all information known to the defendant regarding any criminal

activity, including *but not limited to* the offenses described in the Indictment."  In

order to guarantee that Hurd had satisfied the broad obligations to cooperate set

forth in the plea agreement, Hurd agreed "to submit to polygraph examinations by

a polygrapher selected by the United States."  In addition, the plea agreement

specifically set forth an avenue in which the United States would move for

downward departure in Hurd's sentence if Hurd's cooperation amounted to

substantial assistance.  Finally, the plea contained an encompassing integration

clause, proving that any changes in the obligations of the parties must be made in

writing or in open court.  As noted by the United States, there was absolutely no

---

[1]Although Hurd did attach to his § 2255 petition the statements of his mother and aunt to the effect that Hurd's counsel claimed that Hurd would receive a ten-year sentence, these statements, even assuming they are admissible, in no way suggest the existence of a cooperation agreement apart from the signed, written plea agreement.

reason for it to enter into a further cooperation agreement with Hurd in light of the all-encompassing provisions of the plea agreement.

Although Hurd's conclusory claims of a post-plea cooperation agreement are patently incredible when viewed solely against the plea agreement, the plea agreement does not stand alone in this case. The transcript of the sentencing hearing demonstrates that the district court engaged in a lengthy colloquy with both Hurd and his counsel about the appropriate sentence in this case. Despite numerous chances to do so, Hurd never asserted that he had been promised a ten-year sentence. Hurd's silence as to the purported cooperation agreement during the sentencing hearing is particularly telling. *See United States v. Khan*, 835 F.2d 749, 752 (10th Cir. 1987).

Hurd's bare assertions of the existence of a post-plea cooperation agreement are simply incredible when viewed against the entire record in this case. For that reason, the district court did not abuse its discretion in refusing to hold an evidentiary hearing on Hurd's claims regarding the purported post-plea cooperation agreement. *Id.* Furthermore, because Hurd completely failed to demonstrate the existence of such an agreement, he has failed to demonstrate that his counsel's performance was constitutionally deficient under *Strickland v. Washington*, 466 U.S. 668, 690 (1984). For those reasons, the judgment of the

United States District Court for the Eastern District of Oklahoma denying Hurd's

§ 2255 petition is hereby **AFFIRMED**.

ENTERED FOR THE COURT


MICHAEL R. MURPHY
Circuit Judge