**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Richard SCOTT,**
**Defendant-Appellant.**

No. 86–1330.

United States Court of Appeals,
Tenth Circuit.

Oct. 22, 1986.

Robert Richard Scott, pro se.

Richard A. Stacy, U.S. Atty. and Francis Leland Pico, Asst. U.S. Atty., Cheyenne, Wyo., for plaintiff-appellee.

Before BARRETT and BALDOCK, Circuit Judges, and CONWAY, District Judge.*

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This is an appeal from an order of the United States District Court for the District of Wyoming denying defendant's 28 U.S.C. § 2255 motion to vacate sentence.

In his motion to vacate sentence, defendant, a prisoner in the Federal Correctional Institution in El Reno, Oklahoma, alleged

that his sentence had expired and he was entitled to release from prison. Defendant maintained his federal sentence commenced when his appeal bond was revoked and, therefore, his federal sentence ran concurrently with the completion of service of a sentence listed on a Utah parole revocation warrant.

■ When an action addresses the execution of a sentence rather than the validity of the sentence, § 2255 relief is unavailable. *United States v. Giddings*, 740 F.2d 770, 771 (9th Cir.1984); *Lee v. United States*, 501 F.2d 494, 499 (8th Cir.1974). A claim to immediate release on the ground that a federal sentence has been served in full is a matter properly raised in a 28 U.S.C. § 2241 petition for a writ of habeas corpus. *Larios v. Madigan*, 299 F.2d 98, 99 (9th Cir.1962). A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined. *Giddings*, 740 F.2d at 772; *United States v. Ford*, 627 F.2d 807, 813 (7th Cir.), *cert. denied*, 449 U.S. 923, 101 S.Ct. 324, 66 L.Ed.2d 151 (1980).

■ Because defendant challenged the execution and not the validity of his sentence, defendant's claims were not cognizable under § 2255. Defendant must raise his claims in a § 2241 petition in Oklahoma, where he is incarcerated. The district court did not have jurisdiction to consider this action.

Because we conclude this action was inappropriately commenced in Wyoming, we need not consider defendant's argument on appeal that the district court erred in denying § 2255 relief without holding an evidentiary hearing.

The judgment of the United States District Court for the District of Wyoming is VACATED, and the action is REMANDED to the district court to dismiss defendant's

---

* The Honorable John E. Conway, United States District Judge for the District of New Mexico, sitting by designation.

§ 2255 motion to vacate without prejudice to asserting the claim in a proper forum.

The mandate shall issue forthwith.