42 F.3d 1407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William D. STOVALL, Defendant-Appellant.
 No. 94-1286.
 United States Court of Appeals, Tenth Circuit.
 Dec. 7, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant William D. Stovall, appearing pro se, appeals the district court's denial of his "Motion to Correct Erroneous Information in Pre-Sentence Report." We affirm.
 
 
 2
 On May 1, 1992, the district court sentenced Defendant to thirty-three months imprisonment for conspiracy to defraud the United States, 18 U.S.C. 286, and submitting false claims and statements to the United States, 18 U.S.C. 287, 1001. The court ordered Defendant confined in the Federal Correctional Institute, Petersburg, Virginia.
 
 
 3
 Two years later, on May 2, 1994, Defendant filed a "Motion to Correct Erroneous Information in Presentence Report" in the United States District Court for the District of Colorado. In his motion, Defendant alleged the Bureau of Prisons relied on erroneous information in the report to deny him privileges and create hardships during his incarceration. Consequently, Defendant requested, inter alia, that the district court "preclude the Bureau of Prison's ... from relying upon the disputed information and to ... order the United States Probation Office to prepare a new PSI Report." The district court denied the motion and this appeal followed.
 
 
 4
 We have recently held that a district court lacks jurisdiction to consider a motion to correct a presentence report under Fed.R.Crim.P. 32(c)(3)(D) after sentence has been imposed. See United States v. Warner, 23 F.3d 287, 290 (10th Cir.1994). In an attempt to provide a jurisdictional basis for his motion, Defendant contends the district court should have construed his motion as a challenge to the execution of his sentence pursuant to 28 U.S.C. 2241. The district court was without jurisdiction to do so, however, because Defendant did not file his motion in the district in which he is confined-- i.e., Petersburg, Virginia. See United States v. Scott, 803 F.2d 1095, 1096 (10th Cir.1986) ("A 2241 petition ... must be addressed to the federal district court in the district where the prisoner is confined."). Accordingly, the district court properly denied Defendant's motion because it lacked jurisdiction to consider it.
 
 AFFIRMED.[3]
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Defendant's Motion to File Oversize Reply Brief is hereby granted. Defendant's Motion to Supplement the Record is hereby denied. Defendant's Motion to Return to Business and Home Residence is hereby denied for lack of jurisdiction. See United States v. Wilson, 112 S.Ct. 1351, 1355 (1992)