UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 12/16/96**

JOHN G. WESTINE, JR.,

       Petitioner-Appellant,

v.

W.A. PERRILL, Warden; BUREAU
OF PRISONS,

       Respondents-Appellees.

No. 95-1503
(D.C. No. 95-K-2350)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable John W. Lungstrum, District Judge, United States District Court
for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff John G. Westine, Jr. appeals from an order of the district court dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241.  We affirm.

In 1990, Westine was sentenced by a federal district court in California to one year of imprisonment for income tax evasion and failure to file income tax returns. He did not surrender on the required date to begin serving that sentence. Consequently, he was later sentenced to twenty-one months' imprisonment for failure to surrender to be served consecutively to the one-year term.  While serving the failure to surrender sentence at the Federal Correctional Institution in Colorado, he was sentenced in Ohio federal district court to 235 months' imprisonment for conspiracy, interstate transportation of property taken by fraud, mail fraud, wire fraud, and money laundering to be served consecutively to the California sentences.  The California federal district court thereafter sentenced Westine to six years' imprisonment for probation violation to run consecutively to the 235-month sentence.

In his petition, Westine alleged violations of his constitutional rights as to the probation violation sentence.  He also alleged he had been subjected to double jeopardy in the two original California sentences.  The Colorado federal district court dismissed the petition on the ground that the court lacked jurisdiction to

hear the petition because Westine was attacking the legality of sentences either already served or not yet served.

We review the district court's ruling on a habeas petition de novo. See Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir. 1993).

Westine filed a § 2241 petition in Colorado district court. A § 2241 petition allows a petitioner to attack the execution of a sentence he is currently serving and is filed in the district where the prisoner is confined. United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986).

Westine is currently serving the sentence imposed by the federal district court in Ohio. He challenges both the sentences imposed in the original two California cases and the sentence imposed on the probation violation conviction. Thus, he is attacking the validity of sentences he is not serving and must file a § 2255 motion in the district which imposed the sentences. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The remedy provided in § 2255 is exclusive unless it is shown to be inadequate or ineffective. Id. "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)(quotation omitted).

Not only is Westine not currently serving any of the sentences he challenges, but he has provided no evidence that relief is unavailable to him under

properly filed § 2255 motions. While he has applied for § 2255 relief to contest his double jeopardy claims, he has shown only that relief was denied, not that the remedy was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Westine has made no showing that he has applied for § 2255 relief for his probation violation sentences. The district court correctly declined to exercise jurisdiction over Westine's petition.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge