**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID LAWRENCE WILSON,

    Defendant - Appellant.

No. 97-4196
(D.C. No. 97-CV-234-G)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **MCKAY** and **LUCERO**, Circuit Judges.

David Lawrence Wilson filed a pro se petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of

Utah alleging (1) that his present sentence has been improperly calculated by the

Bureau of Prisons and (2) that this sentence was improperly enhanced by two

earlier, unconstitutional convictions. The district court, adopting the magistrate

judge's Report and Recommendation, dismissed the petition for lack of

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

jurisdiction.  Because the petitioner has made a substantial showing of the denial of a constitutional right, we grant a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).

Petitioner pleaded guilty to a single count of attempted bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced to a 151-month term of imprisonment.  See United States v. Wilson , 10 F.3d 734, 735 (10th Cir. 1993). Petitioner's first claim is that the Bureau of Prisons has failed to credit him for 585 days spent in federal custody prior to this conviction.  Because this is an attack on the execution of the sentence rather than its validity, § 2255 relief is unavailable.  See United States v. Scott , 803 F.2d 1095, 1096 (10th Cir. 1986); see also Bradshaw v. Story , 86 F.3d 164, 166 (10th Cir. 1996).  Petitioner's claim would be properly addressed in a § 2241 habeas petition filed in the district where he is confined.  Scott , 803 F.2d at 1096.  This claim was therefore correctly dismissed without prejudice for lack of jurisdiction.

Petitioner also claims that his present sentence was improperly enhanced by prior, unconstitutional convictions in Florida and California.  The district court dismissed this challenge for lack of jurisdiction, interpreting the petition as an improper collateral attack on the Florida and California convictions.  As petitioner correctly notes, however, although a defendant may not challenge a fully-expired conviction in isolation, if the attack is directed at the sentence under

which the defendant is in custody, "the defendant may argue that his present sentence is improper because it has been enhanced by a prior, unconstitutional conviction." Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir. 1990); see also Collins v. Hesse, 957 F.2d 746 (10th Cir. 1992). Construed with the deference to which pro se litigants are entitled, appellant's habeas petition should be read "as asserting a challenge to his present sentence to the extent that it has been enhanced by the allegedly invalid prior conviction[s]." Gamble, 898 F.2d at 118. The district court improperly dismissed the petition for lack of jurisdiction as to this claim.

We REVERSE the district court's dismissal of appellant's petition for habeas corpus and REMAND for further proceedings consistent with this order and judgment.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge