**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

HAROLD BUCK,

     Defendant-Appellant.

No. 99-2129
(District of New Mexico)
(D.C. No. CIV-99-122-JP)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Harold Buck, proceeding *pro se* and *in forma pauperis*, appeals the district court's denial of his "Letter-Affidavit," apparently construed by the district court

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

as a 28 U.S.C. § 2255 petition. This court concludes that the district court erred in treating Buck's Letter-Affidavit as a § 2255 petition, rather than a 28 U.S.C. § 2241 petition, because the Letter-Affidavit attacks the execution of a sentence rather than its underlying validity. Properly construed as a § 2241 petition, the district court was without jurisdiction to reach the merits of the Letter-Affidavit. Accordingly, this court **vacates** the district court order denying the Letter-Affidavit on the merits and **remands** the case to the district court to dismiss for lack of jurisdiction.

On September 15, 1995, Buck was arrested in San Juan County, New Mexico, for driving under the influence ("DUI") and placed into state custody. Buck was furloughed from the San Juan County Jail on November 17, 1995; because he failed to return from the furlough, he was placed on escape status and charged with escape.

While on escape status, Buck beat his girlfriend to death at his home on the Navajo Reservation. Buck was eventually detained by FBI agents and, during an interview with those agents, confessed to the murder. At the conclusion of the interview, the agents discovered that Buck was the subject of an outstanding state warrant. Accordingly, the agents released Buck to state authorities who returned him to the San Juan County Jail.

Buck thereafter entered guilty pleas to the state DUI and escape charges. On July 29, 1996, a state court sentenced Buck to separate eighteen-month terms on each of the state charges. The state court ordered the terms to run consecutively, but concurrent to any sentence Buck would receive in federal court for the pending murder case.

On November 6, 1996, Buck entered a guilty plea in federal district court to second degree murder and was sentenced to a term of incarceration of 120 months. The judgment was entered on February 5, 1997. Neither the judgment nor the plea agreement specified that a state correctional facility in New Mexico could serve as Buck's place of confinement for his federal sentence. Nor did either document provide that Buck would receive credit on his federal sentence for time served on his unrelated state offenses.

After the federal sentencing hearing, Buck was remanded to the custody of the United States Marshall who returned Buck to New Mexico authorities so that he could finish serving his state sentence. Buck was paroled from his state sentence and transferred into federal custody on March 16, 1998. At that point, Buck was informed that the Bureau of Prisons ("BOP") was computing the starting date of his federal sentence as March 16, 1998, the date he was delivered into federal custody upon the completion of his state sentence, rather than July 30, 1996, the date he began serving his state sentences in state prison. In response,

Buck filed the Letter-Affidavit challenging that BOP decision. According to Buck, "it was certainly the intention and understanding of the 'STATE OF NEW MEXICO COURT' to make clear to this Honorable Court that each of my consecutive sentences . . . would run concurrent with the '120 MONTH SENTENCE' of imprisonment imposed upon me by this court."

The district court considered and denied Buck's petition on the merits, on the ground that the issue had previously been rejected by the court in May of 1997. Vega appeals, once again asserting that he is entitled to credit on his federal sentence for the time served in state prison pursuant to the state trial court's order. He also raises, for the first time on appeal, a claim that the government has breached the plea agreement by not affording him credit for time served on the state conviction.

As correctly noted by the respondent United States, the only possible reading of Buck's Letter-Affidavit is that it constitutes an attack on the execution of his sentence (*i.e.*, whether he gets credit for time served in state prison) rather than an attack on the validity of the federal murder conviction itself. Thus, the district court erred in treating Buck's Letter-Affidavit as a § 2255 petition instead of a § 2241 petition. In *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), this court succinctly stated the differences between these two types of petitions:

> A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district

where the prisoner is confined. *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986). It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255. *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied*, 377 U.S. 980 (1964).

A 28 U.S.C. § 2255 petition attacks the legality of detention, *Barkan v. United States*, 341 F.2d 95, 96 (10th Cir.), *cert. denied*, 381 U.S. 940 (1965), and must be filed in the district that imposed the sentence, *United States v. Condit*, 621 F.2d 1096, 1097 (10th Cir. 1980). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

In this case it is uncontroverted that Buck was incarcerated at the federal prison in Florence, Colorado, at the time he filed the Letter-Affidavit. Accordingly, properly construed as a § 2241 petition, the Letter-Affidavit had to be filed in the United States District Court for the District of Colorado. *Id.* (A § 2241 petition "must be filed in the district where the petitioner is confined."). Because Buck filed the Letter-Affidavit in district court in New Mexico, the district court was without jurisdiction to reach the merits of the petition. *See id.*; *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986).

As to Buck's belatedly asserted claim that the United States has breached the plea agreement by not providing him credit for time served in state prison, which claim does properly invoke § 2255, we simply note that this court will not address arguments raised for the first time on appeal. *United States v. Bell*, 154 F.3d 1205, 1212 (10th Cir. 1998).

-5-

The judgment of the United States District Court for the District of New Mexico is **VACATED** and the action is **REMANDED** to the district court to dismiss Buck's Letter-Affidavit without prejudice to asserting the claim in a proper forum.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge
