**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| JOHN D. KELSO, | |
| Petitioner-Appellant, | No. 08-6224 |
| v. | Western District of Oklahoma |
| CARLOS LUNA, EDMUND A. BROWN and JERRY BROWN, | (D.C. No. 5:08-CV-00731-D) |
| Respondents-Appellees. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

John D. Kelso, a resident of California's Patton State Hospital, proceeding *pro se*, seeks a certificate of appealability ("COA"), which would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Kelso has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

# I. Background

Mr. Kelso filed this action *pro se* in the district court, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed, holding that Mr. Kelso failed to allege facts sufficient to establish jurisdiction over the respondents. The district court further held that transferring this action to another district court pursuant to 28 U.S.C. § 1631 was inappropriate under the factors we outlined in *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006).

# II. Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

District courts can grant habeas corpus relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). This requires that a district court have jurisdiction over the plaintiff's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004), who in this case is Carlos Luna, the Executive Director of the Patton State

Hospital. Mr. Kelso's only jurisdictional arguments on appeal are that he is an Oklahoma native and that there are a number of "Oklahoma defendants," whom Mr. Kelso names in his brief but who are not the defendants in this case. Whether Mr. Kelso is an Oklahoma native is irrelevant to the question of whether the district court has jurisdiction over the defendants in this matter. Likewise, whether the third party "Oklahoma defendants" are somehow connected with Oklahoma does nothing to establish jurisdiction over the defendants in this matter. Therefore, having provided no evidence of any connection between the defendants here and the state of Oklahoma, Mr. Kelso has failed to establish a basis on which jurisdiction can be granted.

Mr. Kelso does not appear to make any argument on appeal as to why the district court should have transferred this matter rather than dismissed it. Transferring a case to another court rather than dismissing it is appropriate only "if it is in the interest of justice." 28 U.S.C. § 1631; *see also Trujillo*, 465 F.3d at 1222 ("Although . . . § 1631 contain[s] the word 'shall,' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action . . . ."). We have previously recognized the broad support that exists for the proposition that "it is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996) (neither adopting nor

-3-

rejecting this rule); *see also Trujillo*, 465 F.3d at 1223 n.16 (noting that one of the "factors warranting transfer rather than dismissal" is if "the original action was filed in good faith rather than filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper'" (quoting *Trierweiler*)); *Keaveney v. Larimer*, 242 F.3d 389 (Table), 2000 WL 1853994, at **1 (10th Cir. Dec. 19, 2000) (relying exclusively on this rule to affirm a district court's dismissal rather than transfer of a case). There can be no doubt that Mr. Kelso should have realized that Oklahoma was an improper forum because an action he had previously filed against Mr. Luna in Oklahoma was dismissed, at least in part, for lack of jurisdiction. *See Kelso v. Miller*, No. 5:08-cv-00366-F, 2008 WL 2961996, at *4–5 (W.D. Okla. July 29, 2008), *aff'd*, 2008 WL 5220651 (10th Cir. Dec. 16, 2008). The district court therefore properly decided that this was not an appropriate case for transfer.

### III. Conclusion

Because reasonable jurists could not debate that the district court resolved this matter appropriately and because the issues presented are not adequate to support encouragement of further proceedings, we **DENY** Mr. Kelso's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge

-4-