FILED
United States Court of Appeals
Tenth Circuit

July 24, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ROBERT JOSEPH ZANI,

　　　　Petitioner-Appellant,

v.

UNITED STATES MARSHALS
SERVICE, DENVER, and THE
TEXAS BOARD OF CRIMINAL
JUSTICE, HUNTSVILLE,

　　　　Respondents-Appellees.

No. 09-1110

(D. of Colo.)

(D.C. No. 09-cv-52-ZLW-BNB)

---

ORDER AND JUDGMENT[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Robert Joseph Zani appeals from the district court's dismissal of his

application for habeas relief pursuant to 28 U.S.C. § 2241. Because we conclude

the district court lacked jurisdiction, we VACATE the district court's prior order

and REMAND the case with instructions to dismiss without prejudice, unless the

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

district court finds a transfer pursuant to 28 U.S.C. § 1631 in the interests of justice.

Zani, a prisoner currently incarcerated in Tennessee Colony, Texas, filed a pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Colorado.[1] He also filed a motion for leave to proceed in forma pauperis, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915. In his petition, Zani contends he is being held unlawfully in segregation, and he seeks permanent release from this alleged illegal restraint and custody.

Without reaching the merits of his claim, a magistrate judge ordered Zani to cure a filing deficiency. In particular, the magistrate judge instructed Zani to submit within thirty days a certified copy of his trust fund account statement, or his case would be dismissed.

In lieu of submitting a certified copy of his trust fund account statement or paying the requisite filing fees, Zani filed an objection, in which he argued he lacked control of the prison authorities, was not privy to their files, and could not compel them to submit his account statement. The district court overruled Zani's objection, concluding Zani failed within the time allowed to cure the designated deficiency. The court then dismissed the petition without prejudice. Finally, the

---

[1] Because Zani appears pro se, we construe his arguments liberally. *See de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).

court denied a certificate of appealability (COA), concluding that Zani had not made a substantial showing of the denial of a constitutional right.

Upon review of the record and appellate brief, we conclude the district court lacked jurisdiction over Zani's § 2241 petition. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence . . . and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). At the time he filed his § 2241 petition, Zani was—and still is—incarcerated in Texas and not Colorado. Therefore, the district court in Colorado lacked jurisdiction to consider claims for relief under § 2241. *See United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (concluding the defendant needed to raise his claims in a § 2241 petition in the state where he was incarcerated).

Consequently, we vacate the district court's initial order and remand to the district court for further proceedings. In particular, we direct the district court to dismiss the petition without prejudice so Zani can refile his petition in a court of competent jurisdiction, unless the district court concludes that transferring the case would serve the interest of justice.[2]

---

[2] The "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh*, 210 F.3d at 1150 (internal quotation marks and citation omitted). *See also Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006) ("[W]e have interpreted the phrase 'if it is in the interest of justice' to

(continued...)

For the foregoing reasons, we VACATE the order of the district court and REMAND the case to the district court for further proceedings. We also grant Zani's request for leave to proceed without prepayment of the appellate filing fee.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[2](...continued)
grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."). "[A] court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh*, 210 F.3d at 1150 (internal quotation marks and citation omitted).