FILED
United States Court of Appeals
Tenth Circuit

October 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT JOSEPH ZANI,

      Petitioner-Appellant,

v.

U.S. MARSHALS; SALT LAKE
CITY; TEXAS BOARD OF
CRIMINAL JUSTICE,

      Respondents-Appellees.

No. 09-4107
(D. Utah)
(D.C. No. 2:09-cv-00042)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner Robert Joseph Zani, a state prisoner currently incarcerated in

Tennessee Colony, Texas, applies for a certificate of appealability ("COA") to

challenge the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

jurisdiction. For the reasons stated below, we deny a COA, and dismiss the appeal.

While incarcerated in Texas, Mr. Zani filed a pro se[1] application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Utah. The district court dismissed his petition, holding that the court lacked jurisdiction because Mr. Zani was incarcerated in Texas and his § 2241 petition was properly filed in the federal judicial district of Mr. Zani's incarceration. The court dismissed the petition without prejudice so as to not prevent Mr. Zani from filing his petition in a court of competent jurisdiction. The court chose to dismiss the petition rather than to transfer it pursuant to 28 U.S.C. § 1641, finding that a "quick review of the merits reveals that Petitioner's claims are very likely doomed as fantastic and possibly delusional." R., Vol. I, Doc. 5, at 2 (Mem. Decision, dated May 15, 2009).

Because the district court dismissed Mr. Zani's habeas petition without granting him a COA, Mr. Zani may not appeal the district court's order absent a grant of a COA by this court.[2] 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) applies when a

---

[1] Because Mr. Zani proceeds pro se, we liberally construe his filings, including his application for a COA. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[2] The district court did not act on Mr. Zani's request for a COA, but pursuant to Tenth Circuit Rule 22.1(C), that inaction is deemed to be a denial.

state habeas petitioner proceeds under § 2241); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) ("A COA is a jurisdictional pre-requisite to our review." (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003))). To obtain a COA, Mr. Zani must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, a petitioner is not entitled to a COA unless he can show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

"'A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.'" *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). As the district court found, Mr. Zani is in state custody in Tennessee Colony, Texas. Thus, reasonable jurists could not debate the district court's conclusion that it lacked jurisdiction to consider the merits of his petition.

Although jurisdictional defects that arise from a suit being filed in the wrong federal district may be remedied by transfer pursuant to 28 U.S.C. § 1631, such transfer is appropriate only "if it is in the interest of justice." 28 U.S.C. § 1631; *see Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) ("Although

. . . § 1631 contain[s] the word 'shall,' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action . . . ."). It does not appear that Mr. Zani argues on appeal that the district court should have transferred this matter instead of dismissing it. Rather, Mr. Zani's position seems to be that state officials where he is incarcerated (i.e., Texas) are acting as a proxy for the United States Marshals Service, located in Utah; therefore, jurisdiction is proper in Utah.[3]

Even if Mr. Zani's filings could be read to include an objection to the district court's decision not to transfer the case, we would conclude for at least two reasons that reasonable jurists could not debate that the district court did not abuse its discretion in declining to transfer the case. First, "a court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh*, 210 F.3d at 1150 (internal quotation marks omitted). We agree with the district court's assessment of the merits of Mr. Zani's petition as being clearly doomed and therefore inappropriate for transfer.

Second, "[w]e have previously recognized the broad support that exists for the proposition that 'it is not in the interest of justice to transfer where a plaintiff

---

[3] Mr. Zani offers not a shred of evidence or even a detailed argument to support this bald allegation, however.

either realized or should have realized that the forum in which he or she filed was improper.'" *Kelso v. Luna*, 317 Fed. App'x 846, 848 (10th Cir. 2009) (quoting *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996)). As in *Kelso*, Mr. Zani should have realized that Utah was an improper forum because we have had occasion to put him on notice that such geographically misdirected § 2241 filings are improper. Specifically, Mr. Zani previously filed a § 2241 petition in the District of Colorado and this court concluded that the district court lacked jurisdiction over that petition because Mr. Zani was not incarcerated in Colorado but rather in Texas (as now) and the federal judicial district encompassing his place of incarceration was the proper filing location. *See Zani v. U.S. Marshals Serv.*, No. 09-1110, 2009 WL 2197343, at *1 & n.2 (10th Cir. July 24, 2009); *cf. Kelso*, 317 Fed. App'x at 848. Accordingly, Mr. Zani should have known that filing in the District of Utah was improper, and this circumstance strongly suggests that a transfer was inappropriate. In any event, given this circumstance, we would be hard-pressed to conclude that reasonable jurists could debate whether the district court abused its discretion in electing not to grant a transfer.

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

-5-