**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

VITALY KOLOSHA,

    Petitioner - Appellant,

v.

DAVID ROGERS, Warden,

    Respondent - Appellee.

No. 24-5002
(D.C. No. 4:23-CV-00481-GKF-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Vitaly Kolosha is an Oklahoma prisoner who has previously and unsuccessfully sought relief from his convictions through 28 U.S.C. § 2254. He recently filed a 28 U.S.C. § 2241 petition arguing that he should be released from prison because he is factually innocent and he was convicted in violation of the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. He argued, for example, that the prosecution intentionally suppressed exculpatory, material evidence.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court construed Mr. Kolosha's petition as a new § 2254 petition, rather than a § 2241 petition. The district court then dismissed the petition for lack of jurisdiction because it fell within the definition of "second or successive" and this court had not authorized Mr. Kolosha to bring his new claims. *See* 28 U.S.C. § 2244(b)(3)(A).

Mr. Kolosha filed a timely notice of appeal. The question before us is whether to issue a certificate of appealability (COA) so Mr. Kolosha may appeal the district court's decision to construe his § 2241 petition as a § 2254 petition and dismiss it for lack of jurisdiction.

To merit a COA, Mr. Kolosha "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And he must make an extra showing in this circumstance because the district court resolved his motion on a procedural basis, namely, lack of jurisdiction. So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Jurists of reason would not find the district court's procedural ruling debatable. First, the court correctly recognized that Mr. Kolosha's petition was, in substance, a § 2254 petition, not a § 2241 petition. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Examples of attacks on the "execution" of the sentence include claims that the prison will not release prisoner even though he has fully served his sentence, *see United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986), or that the

2

prison has unlawfully administered its system of good-time credits, *see Dulworth v. Evans*, 442 F.3d 1265, 1266–67 & n.2 (10th Cir. 2006).  Mr. Kolosha's petition, however, "assert[s] [a] federal basis for relief from a state court's judgment of conviction," *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).  Such a claim counts as a § 2254 claim, even if Mr. Kolosha gives it a different label.  *See id.* at 531.

Second, the district court correctly concluded that this court must authorize second or successive § 2254 claims.  *See* 28 U.S.C. § 2244(b)(3)(A).  Thus, because Mr. Kolosha previously brought a § 2254 claim and he had not received this court's permission to bring a new claim attacking the same judgment, the district court properly dismissed it for lack of jurisdiction.

For these reasons, we deny a COA and terminate this matter.  We grant Mr. Kolosha's motion to proceed without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk